LAW OFFICE OF

# PETER A. ROMERO

promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

March 22, 2022

*Via ECF*
Hon. Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:     *Francisco Zhiminaicela v. Tutto Il Giorno 3, LLC, et al.*
         Case No.: 21-CV-04984 (ARL)

Dear Judge Lindsay:

This firm represents the Plaintiff in the above-referenced action against his former employers alleging that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay him overtime wages when he worked more than forty (40) hours per week. Plaintiff also asserts claims against Defendants for unpaid spread of hours pay and statutory violations. Prior to Defendants filing their Answer, the parties engaged in settlement negotiations and reached a settlement in this matter. We now seek approval of the parties' settlement of Plaintiff's FLSA claims pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

The parties have memorialized their resolution in a Settlement Agreement and Release ("FLSA Agreement"), attached hereto as Exhibit A. The release set forth in the Agreement is limited to claims arising under the FLSA and NYLL. The FLSA Agreement does not contain any confidentiality or non-disclosure provision. The parties have agreed to a mutual non-disparagement provision that contains the required carve out provision permitting parties to make truthful statements about this lawsuit and their experiences litigating this matter.

The FLSA Agreement is reasonable and in the best in interest of Plaintiff. The parties agreed to fully and finally resolve all of Plaintiff's claims by having Defendants pay Plaintiff a total of $35,000.00. Plaintiff believes the agreement is fair and reasonable under the circumstances. Defendants vigorously disputed liability and steadfastly maintained that Plaintiff was paid for all hours and not asked to work off the clock. The parties held vastly different views regarding the number of hours worked by Plaintiff each week. Due to the fact-intensive nature of these inquiries, a resolution of this dispute would require extensive discovery and dispositive motion practice. If Defendants' recollection and testimony of events were found to be more credible than Plaintiff's, Plaintiff could potentially recover nothing at all. Accordingly, resolving the action on behalf of Plaintiff at this early juncture provides certainty in that he will receive compensation for his alleged unpaid overtime wages, given that Defendants' restaurant does not operate at full capacity year round, and given the particular economic impact the COVID-19 pandemic has had on the restaurant business.

In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than with a trial judgment, since the parties would need to take depositions and likely brief numerous motions on the merits before trial could commence.

As set forth in the attached Agreement, the parties have agreed to settle this action, pursuant to an appropriately limited release, for a total settlement amount of $35,000.00 (the "Settlement Amount"). This amount includes $11,420.87 for attorneys' fees and $737.40 in costs. The attorney's fee represents one-third (33.3%) of the total settlement amount after deducting for costs and expenses and is reasonable. Plaintiff's counsel researched and investigated Plaintiff's claims, conducted an in-depth and detailed inquiry regarding his job duties, hours worked and compensation, commenced this action, prepared a detailed assessment of damages, participated in settlement negotiations, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf.

In short, the settlement is the result of substantial negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

Respectfully submitted,

*/s Peter A. Romero, Esq.*
PETER A. ROMERO

cc: All Counsel of Record via ECF